UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00799 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 17, 18, 19] |
| vs. | : | |
| JACK A. RICHESON, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

A federal grand jury indicted Defendant Richeson with one count of conspiracy to commit bank fraud and eight counts of bank fraud.[1]

Defendant moves to compel the Government to produce exculpatory *Brady*[2] and *Giglio*[3] materials.[4] Defendant also asks the Court to order the Government to notify the Defendant of whether it intends to offer evidence under Federal Rule of Evidence 404(b).[5]

The Government opposes.[6] The Government acknowledges its disclosure obligations under *Brady* and *Giglio* and states it will turn over any such information "in time for effective use at trial."[7] In addition, the Government states it does not intend to offer any evidence under Rule 404(b).[8]

---

[1] Doc. 1.
[2] *Brady v. Maryland*, 373 U.S. 83 (1963).
[3] *Giglio v. U.S.*, 405 U.S. 150 (1972).
[4] Docs. 17, 18.
[5] Doc. 19.
[6] Doc. 22.
[7] Doc. 22 at 1–2.
[8] *Id.* at 3.

Case No. 1:20-cr-00799
GWIN, J.

The Court **DENIES** without prejudice Defendant's motions to compel the Government to produce *Brady* or *Giglio* materials.[9]  Defendant Richeson may re-new his motions if he can show that the Government has failed comply with its disclosure obligations.

The Court **DENIES** as moot Defendant's request for the Court to order the Government to provide notice about its intent to offer evidence under Rule 404(b).  The Government has stated it does not intend to offer such evidence.[10]

IT IS SO ORDERED.

Dated: March 30, 2021     *s/     James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[9] *See U.S. v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988) ("Here, the government has represented that it will comply with all of its *Brady* obligations in time for effective use of the Brady material at trial.  The *Brady* doctrine did not create a constitutional right of pre-trial discovery in a criminal proceeding."); *see also U.S. v. Baker*, No. 1:06-cr-10059, 2007 WL 9658697, *2 (W.D. Tenn. June 5, 2007) (denying a defendant's pre-trial motion to compel disclosure of *Brady* and *Giglio* materials when the government acknowledged its obligations).

[10] Doc. 22 at 3.